**UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF ARKANSAS
RICHARD SHEPPARD ARNOLD UNITED STATES COURTHOUSE
500 WEST CAPITOL AVENUE, SUITE D-469
LITTLE ROCK, ARKANSAS 72201-3325

**J. LEON HOLMES**　　　　　　　　　　　　　　　　　　　　　　　　　　　　(501) 604-5380
**UNITED STATES DISTRICT JUDGE**　　　　　　　　　　　　　　　　　　FAX: (501) 604-5389

March 15, 2017

TO:　All Counsel of Record

　　　Re:　No. 3:16CV00100 JLH, *McFarland v. Nestle USA, Inc., and Nestle Prepared Foods Company*

Dear Counselors:

　　　I have read the joint motion for preliminary approval of class and collective action settlement and notice to the settlement class. I have several issues that you need to address.

　　　The proposed settlement provides for a procedure that seems to be a hybrid between the Fair Labor Standards Act and Federal Rule of Civil Procedure 23. The Fair Labor Standards Act provides that in a collective action the employees who wish to participate must affirmatively give consent, or opt in, to participate in the case. 29 U.S.C. § 216(b). In a Rule 23 class action, members of the class who do not opt out are bound by the judgment. On page 5 of your brief, you say that except for class members who fail to submit a claim form in a timely fashion, all class members will be bound by the final approval order, the judgment, and the releases, which implies that class members who do not submit a claim form will not be bound by the judgment. The proposed notice, however, in response to the question, "What rights am I giving up by submitting a claim form?" says, "Even if you do not file a claim form, because you are a member of certified classes for settlement purposes, you give up your right to file a case under state or federal law . . . ." The representations in the brief and the notice as to who will be bound appear to be inconsistent.

　　　The settlement agreement says, "No FLSA claims are released by Class Members who did not opt in nor file a claim under the Settlement Agreement." Although not expressly stated, this sentence implies that class members who do not file a claim form nevertheless are releasing their claims under the Arkansas Minimum Wage Act, which would be appropriate under Rule 23, except that the settlement and notice do not include a means for potential class members to opt out. Furthermore, that sentence in the Settlement Agreement equates filing a claim form with the claims administrator with filing a consent to join a collective action under the FLSA. I question whether that is appropriate. A consent to join a collective action under section 216(b) must be filed in the court, which effectively makes a person who gives consent a named plaintiff. A claim form filed with a Rule 23 claims administrator does not qualify as a consent under this section.

　　　Please explain the apparent confusion between the brief, the notice, and the settlement

agreement as to the effect of the settlement on potential class members who do not file a claim. Explain how the Court can follow the Rule 23 procedure, which provides that a class member must opt out in order to avoid being bound by the judgment, with respect to the Fair Labor Standards Act claims. And explain how a class settlement that does not provide a means for potential class members to opt out can be approved under Rule 23.

I understand that you are trying to settle both the Fair Labor Standards Act claims and the Arkansas Minimum Wage Act claims, and that the procedures for those two types of claims are different, which may be why some courts have refused to exercise supplemental jurisdiction over a class action claim for overtime wages due to the incompatibility of an FLSA collective action with a Rule 23 class action seeking similar relief. *See, for example, In re: Am. Family Mut. Ins. Co. Overtime Pay Litig.*, 638 F. Supp. 2d 1290, 1298 (D. Colo. 2009).

I also have substantive questions about the merits of the settlement. The documents reference a formula for determining the amounts to be paid to persons who submit claims, but they do not (so far as I can find) disclose the formula. The documents say that the formula will be based on the number of weeks worked by each class member between April 11, 2013, and January 20, 2017, but that still does not disclose how the payment amounts will be calculated. It does not appear that anyone can read the settlement documents and make a reasonable estimate as to the amount any class member, other than Joy McFarland, will receive. That concern connects to additional questions. How can I preliminarily decide that the amount of $99,050.00 to be paid to the settlement fund is fair and reasonable? How many potential class members are there? How much are their individual claims potentially worth? What is the likelihood that the class would succeed if the case were to go to trial? Is there a way to make a reasonable estimate of the amount each class member will receive under the settlement, so that the Court can preliminarily determine whether the payments represent a reasonable compromise? What happens to any funds remaining in the settlement fund after all claims are paid? What happens if the claims exceed the amount in the settlement fund?

Please let me hear from you.

Respectfully yours,

*J. Leon Holmes*

Leon Holmes